IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BIBI SAMIYAH MCGILL BEY *ex rel.* BELINDA GAIL MCGILL, natural woman,<br><br>                     Plaintiff,<br><br>      v.<br><br>THIEN DO, dba FINANCE MANAGER, MERCEDES-BENZ OF BEAVERTON, LITHIA MOTORS, INC.; LMBB, LCC, or current holder of the seat,<br><br>                     Defendant. | Case No. 3:23-cv-00123-SB<br><br>**OPINION AND ORDER** |

**MOSMAN, U.S. District Judge.**

      Now before the court is plaintiff Bibi Samiyah McGill Bey's ("Bey") application to proceed *in forma pauperis* ("IFP Application"). The Court has evaluated Bey's financial affidavit, finds that she has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a), and therefore grants Bey's IFP Application (ECF No. 2). However, the Court dismisses Bey's complaint (ECF No. 1) for lack of subject matter jurisdiction.

///

///

PAGE 1 – OPINION AND ORDER

## BACKGROUND

Bey alleges in her complaint that on August 18, 2022, she "went into contract" for "the conveyance" of a vehicle with defendant Thien Do ("Do"), the finance manager at a Mercedes-Benz in Beaverton, Oregon. (Compl. ¶ 2.) On September 4, 2022, Bey sent Do a "negotiable instrument . . . for full acquittance discharge settlement for said balance of the conveyance." (*Id.*) Bey received no response. (*Id.*) Bey subsequently sent Do several additional documents, including a "NOTICE and AFFECT OF FAILURE TO RESPOND" on September 29, 2022, a "NOTICE OF NON-RESPONSE" on October 14, 2022, a "NOTICE OF UCC3 ASSIGNMENT FILING STATEMENT" on November 1, 2022, an "AFFIDAVIT OF FACT AND WRIT OF ESTOPPEL BY SILENCE TO SHOW CAUSE PROOF OF CLAIM" on November 16, 2022, an "AFFIDAVIT AND WRIT OF NOTICE OF NEWSPAPER AD" on December 2, 2022, and an "Affidavit of Publication from DJC OREGON" on January 17, 2023, purporting to confirm that Bey's "Legal Notice" had "run for 30 days." (*Id.* ¶¶ 3-8.) Bey received no response and now alleges that "[s]ilence is acquiescence" and her published affidavit "has become law." (*Id.* ¶ 8.)

## LEGAL STANDARDS

A district court must perform a preliminary screening of an *in forma pauperis* complaint and dismiss any claims that fail to state a claim upon which relief may be granted, are frivolous or malicious, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (noting that § 1915(e)(2)(B) also applies to individuals not in custody); *Preciado v. Salas*, No. 13-cv-0390, 2014 WL 127710, at *1 (E.D. Cal. Jan. 14, 2014) ("The Court is required to screen complaints brought by plaintiffs proceeding *pro se* and *in forma pauperis*.").

To state a claim, a plaintiff must allege facts which, when accepted as true, give rise to a plausible inference that the defendants violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556

PAGE 2 – OPINION AND ORDER

U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Bey is self-represented, and therefore the Court construes the pleadings liberally and affords her the benefit of any doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

The Court concludes that it lacks federal subject matter jurisdiction over Bey's claims.

"In general, [a p]laintiff may establish the court's subject-matter jurisdiction in one of two ways." *Gilbert v. Fed. Nat'l Mortg. Ass'n*, No. CV 17-00575 JMS-KSC, 2017 WL 6519017, at *3 (D. Haw. Dec. 20, 2017). "First, [a p]laintiff may assert that [the d]efendants violated the Constitution, a federal law, or a treaty of the United States." *Id*. (citing 28 U.S.C. § 1331); *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). "Alternatively, [a p]laintiff may invoke the court's 'diversity jurisdiction,' which applies 'where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.'" *Id*. (citing 28 U.S.C. § 1332(a)(1)).

Bey makes no reference to the Constitution, federal law, or a treaty of the United States in her complaint, nor does she allege facts which would allow the Court to infer federal question subject matter jurisdiction. Rather, liberally construing the complaint, Bey alleges a breach of contract claim against Do. For the Court to have subject matter jurisdiction over a breach of contract claim, Bey must adequately allege that diversity jurisdiction exists.

"In order to establish diversity jurisdiction under § 1332, there must be complete diversity of citizenship between the opposing parties—in other words, [the p]laintiff must be a

PAGE 3 – OPINION AND ORDER

citizen of a different state than all of the defendants." *Id*. at *4 (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)). "To premise jurisdiction on diversity, [a p]laintiff must include in the [c]omplaint allegations regarding both the diversity of citizenship and the proper amount in controversy." *Bendeck v. Workman*, No. CV 17-00180 JMS-RLP, 2017 WL 1758079, at *3 (D. Haw. May 4, 2017) (citing *Rilling v. Burlington N. R.R. Co.*, 909 F.2d 399, 400-01 (9th Cir. 1990)).

Here, the Civil Cover Sheet attached to Bey's complaint alleges that diversity jurisdiction exists because Do is a citizen of Oregon and Bey is a citizen of a "Foreign Nation." (*See* ECF No. 1-1.) Bey alleges in her complaint that she is a "Free Moor American, Natural Free-Holder, Natural Person, 'In Full Life', Autochthonous, Aborigine, Indigene Native American Muurs/Moors . . . Moor American National; on my Ancestral Estate and National Domicile of my Ancient Fore-Mothers and Fore-Fathers[.]" (Compl. ¶ 1.) Despite her allegation of foreign nationality, Doe identifies her mailing address as a post office box in Portland, Oregon. (*See* ECF No. 1-2.) Further, Bey's claim that she has a "National Domicile" of "Northwest Africa/Al Moroc/The North Gate" appears to rely on a "sovereign citizen" theory.[1]

Federal courts have "flatly rejected 'sovereign citizen' and similar theories as 'frivolous, irrational [and] unintelligible.'" *Bendeck*, 2017 WL 1758079, at *4 (dismissing the plaintiff's complaint for lack of subject matter jurisdiction and holding diversity of citizenship did not exist where the plaintiff "appears to rely on a type of 'sovereign citizen' theory to support her claim

---

[1] "Individuals adhering to a sovereign citizens ideology typically 'believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings.'" *Lewis v. California*, No. 221CV01575JAMJDPPS, 2022 WL 1597779, at *1 n.1 (E.D. Cal. May 19, 2022) (quoting *United States v. Alexio*, CR No. 13-01017-JMS, 2015 WL 4069160, at *2 (D. Haw. July 2, 2015)).

that she is neither a citizen of the United States nor of Hawaii, and is not subject to the jurisdiction of the United States") (citation omitted); *see also Hunt v. Oregon*, No. 2:22-cv-00273-CL, 2022 WL 17340408, at *3 (D. Or. Nov. 30, 2022) (dismissing the plaintiff's complaint for lack of diversity jurisdiction and noting that "[c]laims based on sovereign citizen arguments and ideology have been universally rejected as frivolous and will remain rejected here"); *Bey v. Geiser*, No. EDCV19844JGBKKX, 2019 WL 12447340, at *1 (C.D. Cal. May 21, 2019) ("Courts across the country have uniformly rejected such 'sovereign citizen' theories as frivolous, irrational, or unintelligible.") (collecting cases).

Accordingly, Bey has failed to establish federal subject matter jurisdiction based on diversity of citizenship. Further, amendment of Bey's complaint would not cure the lack of subject matter jurisdiction over her claim, and therefore the Court dismiss Bey's complaint with prejudice. *See Ripple v. MacDonald*, No. 4:19-CV-00016-MMS, 2019 WL 13212474, at *4 (D. Alaska May 10, 2019) (dismissing the plaintiff's complaint with prejudice where the plaintiff relied on sovereign citizen theories to allege diversity jurisdiction); *see also Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) ("A court should 'freely give leave [to amend] when justice so requires . . . [i]t is properly denied, however, if amendment would be futile." (quoting *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010))).

## CONCLUSION

For the reasons stated, the Court dismisses Bey's complaint (ECF No. 1) with prejudice.

**IT IS SO ORDERED.**

DATED this  23rd  day of February, 2023.

*Michael W. Mosman*
HON. MICHAEL W. MOSMAN
Senior United States District Judge