IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BIBI SAMIYAH MCGILL BEY *ex rel.* BELINDA GAIL MCGILL, natural woman,<br><br>Plaintiff,<br><br>v.<br><br>THIEN DO, dba FINANCE MANAGER, MERCEDES-BENZ OF BEAVERTON, LITHIA MOTORS, INC.; LMBB, LLC, or current holder of the seat,<br><br>Defendant. | Case No. 3:23-cv-00123-SB<br><br>**OPINION AND ORDER** |

**MOSMAN, U.S. District Judge.**

Plaintiff Bibi Samiyah McGill Bey ("Bey") filed this action against Thien Do ("Do"), the finance manager at a Mercedes-Benz in Beaverton, Oregon, alleging that she "went into contract" with Do for the purchase of a vehicle and that Bey subsequently sent several documents to Do, including an affidavit purporting to "discharge settlement for said balance of conveyance[,]" to which Do did not respond. (*See generally* Compl.) The Court ruled that it lacks federal subject matter jurisdiction over Bey's claims because "liberally construing her

PAGE 1 – OPINION AND ORDER

complaint, Bey alleges a breach of contract claim against Do" but Bey failed adequately to allege that diversity jurisdiction exists. (*See* Order at 3, ECF No. 4.)

Now before the Court is Bey's motion for reconsideration (ECF No. 7). The Court denies Bey's motion.

## DISCUSSION

In her "affidavit of demand to reconsider opinion order, dismissed claim, and show of cause proof upon a claim" Bey argues that the Court should reconsider its opinion that Bey fails adequately to allege diversity jurisdiction. (*See* Pl.'s Mot. Recons. at 2, arguing that jurisdiction "is appropriate because we are dealing with diversity of citizenship and contract law pursuant to the 1836 Treaty of Peace and Friendship Article 20, the United States Constitution Article 6 and all the laws mentioned in this affidavit that deal with negotiable instruments"). Bey takes issue with the Court's finding that despite Bey's claim to be a "Free Moor American, Natural Free-Holder, Natural Person, 'In Fill Life', Autochthonous, Aborigine, Indigene Native American Muurs/Moors . . . Moor American National; on my Ancestral Estate and National Domicile of my Ancient Fore-Mothers and Fore-Fathers" she "identifies her mailing address as a post office box in Portland, Oregon" and that her claimed "'National Domicile' of 'Northwest Africa/Al Moroc/the North Gate' appear[ed] to rely on a 'sovereign citizen' theory." (*See* Order at 4, ECF No. 4.)

### A.    Legal Standards

"Although the Federal Rules of Civil Procedure do not expressly authorize a motion for reconsideration, '[a] district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment.'" *Am. Med. Response Nw., Inc. v. ACE Am. Ins. Co.*, 31 F. Supp. 3d 1087, 1091 (D. Or. 2014) (quoting *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005)); *see also* FED. R. CIV. P. 54(b) ("[A]ny order or other decision, however

PAGE 2 – OPINION AND ORDER

designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

"Reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Shah v. Aerotek, Inc.*, No. 3:21-cv-422-SI, 2021 WL 3521142, at *1 (D. Or. Aug. 10, 2021) (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2020)). "Motions for reconsideration are not the proper vehicles for rehashing old arguments and are not intended to give an unhappy litigant one additional chance to sway the judge." *Id*. (simplified). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters.*, 229 F.3d at 890 (citation omitted).

**B.    Analysis**

Bey does not argue that there has been an intervening change in controlling law or that she has newly discovered evidence. Rather, she appears to argue that Court committed clear error. As noted, "one of the bases warranting reconsideration of an order is 'clear error' in that order." *Special Situations Fund III QP, L.P. v. Marrone Bio Innovations, Inc.*, No. 2:14-cv-2571-MCE-KJN, 2018 WL 3207891, at *4 (E.D. Cal. June 29, 2018) (citing *389 Orange St.*, 179 F.3d at 665).

In her motion, Bey claims that the Portland, Oregon post office box she uses is not a "mailing address but [rather] a mailing 'location'" and further that she "never claimed to be a

PAGE 3 – OPINION AND ORDER

sovereign citizen."[1] (Pl.'s Mot. Recons. at 2.) All other arguments and documentation Bey offers in her motion are repetitive of her prior allegations.

In repeating arguments she previously raised and the Court rejected, Bey is clear that she is dissatisfied with this Court's finding that she failed adequately to allege diversity jurisdiction. However, "[a] party's mere dissatisfaction with the court's order is not sufficient to warrant reconsideration[.]" *Special Situations Fund III QP*, 2018 WL 3207891, at *4 (citing *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981)); *see also Lipscomb v. S.B.S.D.*, No. EDCV1601833FMODFM, 2019 WL 13039885, at *1 (C.D. Cal. Aug. 28, 2019) ("Dissatisfaction with an order is not a proper ground upon which to seek reconsideration."); *Cohen v. Clark Cnty. Sch. Dist.*, No. 11-cv-1619-MLH-RJJ, 2012 WL 5473483, at *4 (D. Nev. Nov. 9, 2012) ("[M]ere dissatisfaction with the [c]ourt's [] [o]rder or belief that the court is wrong in its decision are not adequate grounds for reconsideration of a prior order." (citing *Twentieth Century-Fox*, 637 F.2d at 1341)).

Bey has not presented any basis for the Court to find that diversity jurisdiction exists here. Accordingly, the Court denies Bey's motion for reconsideration.

## CONCLUSION

For the reasons stated, the Court DENIES Bey's motion for reconsideration (ECF No. 7).

**IT IS SO ORDERED.**

DATED this 17 day of July, 2023.

*Michael W. Mosman*
HON. MICHAEL W. MOSMAN
Senior United States District Judge

---

[1] Bey also "conditionally accepts the Court[']s order, offer to dismiss with prejudice upon the Court[']s ability to show in law its PROOF OF CLAIM." The Court refers Bey to its prior order dismissing her claim. (*See* ECF No. 4.)